# Hagin *v.* Shoaf.

## *Assumpsit.*

(Decided November 18, 1913. Rehearing denied December 9, 1913. 63 South. 764.)

1. *Husband and Wife; Gift; Deposit.*—The mere fact that a husband deposited money in a bank in his wife's name does not constitute a gift to her.

2. *Same; Evidence.*—Where the husband deposited the proceeds of a sale of a homestead interest in the bank in his wife's name. the fact of a gift of it to her should be shown by clear and satisfactory evidence, and the mere assertion of the husband that it was his wife's money would not prove the gift in view of the uncontradicted evidence that it was his own money.

3. *Homestead; Sale; Proceeds.*—During the life of the husband the title of the homestead remains in him, and the wife has only the right of occupancy, and the power to prevent alienation, and the proceeds of a sale of the homestead do not as a matter of legal right belong to her and not to her husband.

4. *Bills and Notes; Payment; Discharge of Sureties.*—Where the principal maker of a note pays it with his own money it operates to discharge the indebtedness absolutely, and to release the sureties, and a transferee after maturity takes nothing thereby.

5. *Appeal and Error; Review; Findings.*—The findings of the court on the evidence have all reasonable presumptions of correctness on appeal.

6. *Same; Harmless Error; Striking Pleas.*—Where a defendant had the full benefit of all matters of defense set up by him under the pleas upon which trial was had, it was harmless error to strike other pleas.

7. *Same; Assignment; Signing; Waiver.*—By submitting on the merits any objection for failure of counsel to properly sign the assignment of error is waived, as the defect could and would have been remedied on objection raised at the proper time.

APPEAL from Gadsden City Court.

Heard before Hon, JOHN H. DISQUE.

Assumpsit by Ella Shoaf against J. T. Hagin. Judgment for plaintiff and defendant appeals. Reversed and rendered.

[Hagin v. Shoaf.]

ROPER & STEPHENS, for appellant. The court erred in its judgment and findings on the fact.—*Harrison v. Hicks*, 1 Port. 423. The wife has no estate or vested interest in the homestead during the life of the husband. —21 Cyc. 460; *Witherington v. Mason*, 86 Ala. 349. The wife may pay the husband's debt.—*Hollingsworth v. Hill*, 116 Ala. 184. There was no gift.—*Thompson v. Hudgins*, 116 Ala. 93; 20 Cyc. 1192. This is true as to land conveyances.—131 Ala. 333; 110 Ala. 343; 93 Ala. 71; 20 Cyc. 754. Counsel discuss the error in striking pleas, but it is not deemed necessary to here set them out.

GEORGE D. MOTLEY, for appellee. The assignment of errors was not properly signed, and the appeal should be dismissed.—2 Enc. P. & P. 958, 960; 2 Cyc. 985. The ownership of personal property is a fact to which a witness may testify.—*Rascoe v. Jefferson*, 142 Ala. 705; *Steiner v. Trainum*, 98 Ala. 315. The deposit in the wife's name constituted a gift.—*Anniston Nat. Bank v. Howell*, 116 Ala. 375; *First Nat. Bank v. Taylor*, 142 Ala. 456; *Sayre v. Weil*, 94 Ala. 466; 21 Cyc. 1296; 50 Hun. 529.

PELHAM, J.—Suit was brought in the court below by the appellee, as plaintiff, against the appellant alone, as defendant, on a promissory note made by the appellant, R. L. Shoaf (the husband of appellee, and the principal debtor), and one W. T. Lister. The note was payable to the Etowah Trust & Savings Bank or order, and the appellee brought suit against the appellant, as transferee of the original payee (the bank). Trial was had before the court without a jury on the issues tendered by the appellant's pleas of the general issue and payment, resulting in a judgment against appellant for

the amount of the note, interest, and costs of collection as provided for in the note. From that judgment this appeal is prosecuted.

The facts developed on the trial showed that R. L. Shoaf (the husband of the appellee, Ella Shoaf) borrowed the money evidenced by the note from the Etowah Trust & Saving Bank of Gadsden, Ala., and that the appellant (J. T. Hagin) and W. T. Lister signed the note with him as makers in form, but that R. L. Shoaf was the principal debtor, and that Hagin (the appellant), who alone is sued by Shoaf's wife in this action, and Lister were in fact only accommodation makers and received no part of the money, having signed the note purely for the benefit of appellee's husband (R. L. Shoaf), who received and used the money. It was further shown that, when the note became due, the bank notified R. L. Shoaf of the date of maturity and requested payment; that a few days after receiving the notification from the bank, and subsequent to the maturity of the note, Shoaf and the appellee (his wife) went to the bank together; that Shoaf on this occasion stated to an officer of the bank in charge of its collections that he wanted to pay the note; and that the bank's officer, upon satisfying himself by telephonic communication that a check of Mrs. Shoaf on another bank in the city of Gadsden tendered by Mr. Shoaf in payment of the note was good and would be paid, accepted the check in payment of the note and started to mark the note paid but was stopped by Mr. Shoaf and told not to mark the note paid but to transfer it to his wife (the appellee), which was done. The official conducting this transaction on behalf of the bank was somewhat uncertain, on cross-examination, as to whether Shoaf or his wife handed him the check and requested the transfer of the note, but we do not deem this as ma-

[Hagin v. Shoaf.]

terial in affecting the conclusion to be reached from the evidence. Unquestionably, without conflict in the evidence, Shoaf was present, stated to the officer of the bank that he came to the bank for the purpose of paying his note, and was then and there on that occasion conducting and directing the transaction of payment, and what was done was at his instance and request. It was also shown that the money deposited in the bank to the credit of Mrs. Shoaf, against which the check was drawn in payment of the note, was Mr. Shoaf's money, and that he had received it in the form of a check made payable to him for real estate ("a homestead," according to Mr. Shoaf's testimony) sold by him, or as a settlement in connection with his interest in the property, but a short time before the payment of the note, and that he had deposited it in the bank in the name of Mrs. Shoaf. There is no evidence upon which the claim can fairly be based that Shoaf made a gift to his wife of this money deposited by him to her credit.

The mere fact of the deposit of the money in the bank in his wife's name does not constitute a gift or donation. —*Wellborn v. Odd Fellows Bldg., etc., Co.,* 56 Tex. 501.

Nor does the fact (if it be a fact) that the money was received from the sale of a homestead make the proceeds the wife's, and not the husband's, money. During the life of the husband, the title to the homestead resides in him, and the wife has only the power to prevent alienation and the right of occupancy. Having no title, upon alienation the proceeds of sale do not as a matter of legal right belong to her and not the husband.— *Grider v. Am., etc., Mortgage Co.,* 99 Ala. 281 283, 12 South. 775, 42 Am. St. Rep. 58; *Witherington & Co. v. Mason,* 86 Ala. 345, 349, 5 South. 679, 11 Am. St. Rep. 41.

The intention of gift under the circumstances and the confidential relations existing between the parties should be shown by clear and satisfactory evidence to establish the fact of gift, but such evidence was entirely lacking. Shoaf did not testify that he had made a gift of the money to his wife. Mrs. Shoaf was not examined as a witness in the case, and no other witness testified on the subject. It is true that Shoaf testified that it was his wife's money, but the only legitimate inference to be drawn from the facts in evidence touching this question is that it was Shoaf's money, and not the wife's, that was applied to the payment of the note.at the instance and under the direction of the husband, the principal obligor on the note. It being clearly disclosed by the uncontradicted facts in evidence that it was Mr. Shoaf's money that was used in the payment of the note, the mere assertion by Shoaf that it was his wife's money, wholly unsupported by fact, and made in the teeth of the undisputed and uncontroverted facts, cannot be seriously considered as an obstacle in the way of arriving at the conclusion that it was his (Shoaf's) money, and not his wife's, with which the payment was made.— *Engelbert v. Taylor et al.*, 1 Ala. App. 553, 55 South. 442.

To make a short summary of the evidence, it seems to us that, fairly construed, it discloses practically uncontradicted facts, susceptible of no other reasonable or honest construction than that the note sued on by the appellee (Mrs. Shoaf), as the plaintiff in the court below, was paid by the principal obligor (Mr. Shoaf), either directly or through his wife at his instance and request, with moneys belonging to him. This being the conclusion reached from the evidence, it follows that the payment was absolute. Being made by the principal debtor, it operated to discharge the contract of indebt-

edness and release the sureties, and any transfer after maturity was ineffectual, and the transferee took nothing by it, as the debt evidenced by the note had been extinguished ipso facto as against the comakers or sureties by the payment of the maker, who was ultimately liable for its payment.—7 Cyc. 790, 1026; *Harrison et al. v. Hicks,* 1 Port. 423, 27 Am. Dec. 638; 4 Am. & Eng. Ency. Law (2d Ed.) 497.

The facts in evidence before the court did not support the judgment, and allowing all reasonable presumptions in favor of the finding of the court on the evidence, under the prevailing rule of law obtaining with respect to such a finding (*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Robinson v. Cowan,* 158 Ala. 603, 47 South. 1018), the preponderance of the evidence, if not the uncontradicted evidence, against the finding of the trial court is such as to convince this court that it was wrong and unjust, and that appellant was entitled to a finding and judgment in his favor on his plea of payment.

The criticism directed at the failure of appellant's counsel to properly sign or subscribe the assignments of error made on the record comes too late, after submission of the cause on the merits. Courts do not favor suggestions not to consider appeals on their merits for mere defects in the mode or manner of presenting them, if the defect could and would have been remedied if raised at the proper time.—*Wynn, Adm'r, v. Tallapoosa County Bank,* 168 Ala. 469, 53 South. 228. Coming after submission, the point made strikes us as being without sufficient merit to justify a refusal to consider the errors assigned on the record, as urged by counsel for appellee.

There was no error in striking appellant's special pleas. They were virtually pleas of payment, and the appellant had the full benefit of all matters of defense

set up by these pleas under the pleas upon which trial was had.—*Lecroix v. Malone et al.,* 157 Ala. 434, 47 South. 725.

Under our ruling, no other question necessary to notice is presented. On the evidence before the trial judge, the defendant in that court (the appellant) was, as we have said, entitled to a judgment, and a judgment in his favor will be here entered.

Reversed and rendered.