# Stevens, *et al. v.* Romano.

## *Detinue.*

(Decided June 11, 1914.  65 South. 713.)

1. *Mortgages; Assignment or Payment.*—Where B. executed a mortgage on a horse to R., who failed to record it and S. and others executed a mortgage to a bank in which B. joined and included the horse and R. sold the horse upon default and applied the proceeds on his mortgage debt, but upon learning of the rights of the bank purchased the bank's mortgage executed by S. and B., such mortgage was not discharged; for while if the money paid the bank had belonged to S., the principal mortgagor, the payment would have discharged the indebtedness and a transfer of the bank mortgage to R. would have been ineffectual, yet as the proceeds of the sale of the horse belonged to the surety on the mortgage and not to the principal mortgagor the mortgage was not discharged.

2. *Same; Foreclosure; Application of Proceeds.*—Where the proceeds of the sale under the mortgage was not the property of defendants they were in no position to complain of the application of such proceeds, that being a matter between the mortgagees and the owner of the property sold.

3. *Same; Assignment; Rights of Assignee; Possession.*—An assignee of a chattel mortgage succeeds to all the mortgagee's rights against the mortgagors, including the right to bring detinue for the personal property.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Detinue by Sam Romano against Taylor Stevens and another. Judgment for plaintiff, and defendants appeals. Affirmed.

WM. HUGH MCENIRY, for appellant. The mortgage to the bank was a prior lien and entitled to be satisfied first.—*Williams v. White,* 51 South. 559. The second mortgagee had only an equitable title.—*Draper v. Walker,* 13 South. 995. The payment to the bank satisfied its mortgage and such payment is a defense here.—*Porter v. Monarch,* 27 L. R. A. (N. S.) 111. The mortgage was discharged.—*Pinckard v. Bramlett,* 51 South. 557; *Carlisle v. Peoples Bank,* 26 South. 115, and authorities *supra.*

GOODWYN & ROSS, for appellee. If the bank mortgage was a prior lien it afforded no protection to those who owed the debt.—Section 3386, Code, 1907. When the appellee purchased the bank mortgage he succeeded to all the rights of the bank including the right to sue for the property.—*Graham v. Newman,* 21 Ala. 497; *Welch v. Phillips,* 54 Ala. 314; *Denby Meldrew,* 58 Ala. 149; *Cooper v. Hornsby,* 71 Ala. 65; *Gafford v. Lawson,* 94 Ala. 334; *King v. Seals,* 45 South. 418. The property sold was the property of the surety and not of the mortgagor and hence the proceeds belonged to the surety and did not serve to discharge the mortgagor or the mortgage.—*Thomas v. St. Pauls Church,* 5 South. 508.

PELHAM, J.—It is shown by the evidence set out in the bill of exceptions that one Joe Booth executed a mortgage on a horse owned by him to the appellee to secure the payment of $130; that appellee failed to file his mortgage for record promptly, and subsequently the appellants mortgaged their household goods to the Bessemer State Bank for $50 by a chattel mortgage in which Joe Booth joined as surety for appellants and included in the mortgage to the bank the horse he had previously mortgaged to the appellee. The appellee did

[Stevens, et al. v. Romano.]

not file the mortgage held by him for record until after
the bank filed its mortgage. The bank had no actual
knowledge of the mortgage given by Booth to the ap-
pellee, nor did the appellee have any notice or knowl-
edge of the mortgage given by Booth to the bank, ex-
cept that with which he was charged, because of the due
filing and recording of the instrument at a date prior
in point of time to the record of his mortgage. Booth,
afterwards being in default on the mortgage given by
him to the appellee, turned the horse over under this
mortgage to the appellee, who sold him and applied
the amount received from the sale ($70) as a credit on
the mortgage debt. Thereafter the bank notified ap-
pellee personally of its mortgage and claim on the
animal, and the appellee, after conferring with an of-
ficer of the bank, conceded the title or lien of the bank
to be superior to his because of his failure to file for
record the mortgage on the property held by him until
after the mortgage to the bank had been made and filed
for record, and thereupon he purchased from the bank
its mortgage, paying full face value therefor, and had
it duly transferred (without recourse) to him. Dur-
ing the year or two following this transaction, the ap-
pellants made certain small payments on the mortgage
to the appellee, and, upon their refusing or failing to
make further payments or satisfy the mortgage indebt-
edness in full, the appellee made demand upon the ap-
pellants for the household goods described in the mort-
gage, and, upon refusal of the appellants to surrender
the goods, instituted a detinue suit in the court below
and recovered a judgment, from which this appeal is
prosecuted.

The proposition urged upon the court is that, the ap-
pellee having received the proceeds from the sale of the
horse, this money belonged to the mortgagors in the

mortgage given to the bank, and that, when the appellee paid to the bank the face value of its mortgage, the debt thereby secured was discharged, and the transfer by the bank of the mortgage held by it to the appellee was inoperative and of no effect. The answer to this is that the undisputed proof shows that the horse that was sold by the appellee was the property of Booth, who, known to all parties, joined and included his property in the mortgage to the bank as surety for the appellants. He executed the note and mortgage as maker in form, but the appellants were the principal debtors and mortgagors, and received all of the money advanced by the bank, and Booth joined in the mortgage entirely for the accommodation of the appellants as the principals in the transaction. Of course, if the money paid to the bank belonged to the principal mortgagors, or debtors under the mortgage, the payment would be absolute and would act as a discharge of their indebtedness, and any transfer of the mortgage would be ineffectual.—*Hagin v. Shoaf,* 9 Ala. App. 300, 63 South. 764. But the proceeds from the sale of the property of the surety, one who receives no part of the money, but includes his property and joins in a mortgage purely for the accommodation of the principals, does not belong to them, and they are in no position to complain of its application to the payment of a junior mortgage or otherwise. That is a matter in which the senior and junior mortgagees and the original owner of the property have certain rights that may be enforced as between themselves, but is res inter alios acta as to the .appellants. They have no ownership or other interest in the property of their surety, although it be pledged for the payment of their debt, that would let them be heard to direct an application of the proceeds derived from a sale of the property, or object to any disposition of it that might

be made between the owner and mortgagees holding senior and junior mortgages on the property. The senior mortgagee might waive or relinquish his prior right against the surety's property embraced in the mortgage, and thus let the junior mortgagee's claim or lien on the surety's property become superior to his own, and the principal debtor in the mortgage could not be heard to object. The same would be true of an assignee or transferee of the mortgage.

Section 3386 of the Code, cited and relied upon by appellants, has no application; it is for the protection of creditors and purchasers without notice.

Under the facts in this case, when the appellee purchased the bank's mortgage and the bank transferred it to him, he succeeded to all of the bank's rights against the principal mortgagors, including the right to bring suit for the property of the principal debtors embraced in the mortgage.—*Gafford v. Lofton*, 94, Ala. 333, 10 South. 505.

The finding and judgment in favor of the plaintiff (appellee) by the court below sitting without a jury is free from error, and the judgment will be affirmed.

Affirmed.