(107 So. 719)

### SELF v. STATE.    (7 Div. 137.)

(Court of Appeals of Alabama.   March 23, 1926.)

**1. Intoxicating liquors ⊚⟿238(5).**

Evidence *held* for jury in prosecution for selling whisky.

**2. Criminal law ⊚⟿1036(1), 1054(1)—Error, if any, in permitting questions to be asked, is not presented, in absence of objection or exception in trial court.**

Error, if any, in permitting prosecutor to question defendant's witnesses relative to prior trafficking in liquor by defendant, is not presented for consideration of Appellate Court, where allowed by defendant on trial without objection or exception.

**3. Criminal law ⊚⟿829(1).**

Refusal to give a charge practically identical with charges given was not error.

**4. Intoxicating liquors ⊚⟿235—That state's witness had a jar of whisky before reaching place of sale by accused was immaterial, and its exclusion was not reversible error.**

Testimony that state's witness had a fruit jar of whisky some 2½ miles before reaching place of illegal sale by accused to him was irrelevant, and its exclusion was not error.

**5. Criminal law ⊚⟿720(10)—Overruling of motion to exclude an unfounded remark by prosecutor in liquor prosecution held not error.**

In prosecution for selling whisky, overruling objection to the statement, "I tell you, gentlemen, they are organized," made by the prosecutor in his argument, was not error; such statement being but a deduction or conclusion by prosecutor.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Oliver Self was convicted of violating the prohibition laws, and he appeals. Affirmed.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

It is error to admit evidence of former conviction of defendant. Lyles v. State, 88 So. 375, 18 Ala. App. 62. Probability of innocence is the equivalent of a reasonable doubt. Whitaker v. State, 17 So. 456, 106 Ala. 30; Smith v. State, 9 So. 408, 92 Ala. 30; Winslow v. State, 76 Ala. 42. All parts of a continuous transaction may be shown, though they have no immediate connection with the offense charged. Churchwell v. State, 23 So. 72, 117 Ala. 126; Jordan v. State, 1 So. 577, 81 Ala. 20. The argument of the solicitor was improper. Scott v. State, 20 So. 468, 110 Ala. 48; Thomas v. State, 90 So. 878, 18 Ala. App. 268; Sanford v. State, 39 So. 370, 143 Ala. 78.

---

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Charge 4 is condemned in Edwards v. State, 87 So. 179, 205 Ala. 160. The affirmative charge was properly refused. Russell v. State, 101 So. 71, 20 Ala. App. 68.

BRICKEN, P. J. The defendant, appellant here, was convicted for a violation of the prohibition law (Code 1923, § 4615 et seq.) —selling whisky. The jury fixed the fine at $100, and as an additional punishment the court imposed a sentence of three months hard labor for the county. From the judgment of conviction, he appealed.

[1] The state insisted, and offered evidence tending to sustain its insistence, that on a certain Sunday in January, 1924, at his home in Shelby county, this appellant sold a quart of whisky to state witness R. G. Collins, and also sold a quart of whisky, at the same time and place, to state witness C. W. McLeod. Each of said witnesses gave direct testimony to this effect. The defendant not only testified that this was untrue, and that he sold no whisky whatever to the state's witnesses Collins and McLeod, but he also offered the testimony of several other parties who were there present, each of whom testified that no such sale of whisky was made by the defendant. Thus an irreconcilable conflict in the evidence was presented, and was of course for the determination of the jury.

[2] It is earnestly insisted by counsel for appellant that it was error for the court to allow the solicitor, on cross-examination of defendant's witnesses, to propound questions seeking to establish the fact that this defendant had, upon some former occasion, distilled or made liquor, or dealt in or handled liquor. However improper this line of inquiry may have been, it was allowed by defendant without objection or exception; therefore we are unable to give the appellant such benefit as may have resulted therefrom had the matter been properly presented here. In the absence of objection and exception, we cannot put the court in error in matters of this character. The propositions of law stated by counsel for appellant in this connection are sound, but, as before stated, the question is not presented for our consideration.

[3] Refused charge 2 is practically identical with given charges 1 and 5; its refusal therefore cannot avail the defendant.

' Charge 4, refused to defendant, was bad in not hypothesizing a probability of innocence founded upon the evidence in the case. This charge has been condemned by the Supreme

21 ALA.APP.—20

Court in the case of Edwards v. State, 87 So. 179, 205 Ala. 160.

Charges A and B were the affirmative charges. They were properly refused, as there was a conflict in the evidence which made a jury question. Traylor v. State, 101 So. 535, 20 Ala. App. 262.

[4] The rulings of the court upon the admission of the evidence, to which exceptions were reserved, related to matters irrelevant and immaterial to the issues involved upon the trial of this case. Whether state witness Collins had a fruit jar of whisky some two miles and a half before reaching the home of defendant, and offered a drink to Mr. Stamps, could shed no light upon the question here involved—the purchase of a quart of whisky by him from defendant—and it could in no sense shed any light upon the alleged transaction between state witness McLeod and defendant, which, if true, was sufficient to justify the conviction of this defendant. We do not regard either of the rulings complained of as reversible error.

[5] In his argument to the jury the solicitor stated: "I tell you, gentlemen, they are organized." Objection to the remark was seasonably made and followed by motion to exclude. To the adverse rulings of the court in this connection, defendant duly reserved exceptions. It is here urged that the remark complained of was a statement of fact, not borne out by the evidence, and it is earnestly insisted that the rulings of the court were injurious error. We cannot so conclude however. That such a remark was unfounded and should have no place in a dignified legitimate argument may be admitted, but we are of the opinion that the objectionable statement was a mere deduction or conclusion upon the part of the solicitor, and that it does not come within the inhibited terms of the rule; the rule being briefly as follows: The statement must be made as of fact; the fact stated must be unsupported by any evidence, and must be pertinent to the issue. In the case of Cross v. State, 68 Ala. 476, this question was given full and elaborate consideration.

As hereinabove stated, the clear-cut question involved upon the trial of this case was, Did this appellant sell the whisky to the state witnesses as testified to by them? On this question the evidence was in direct conflict. The jury necessarily were called upon to render their decision, and we find no ruling of the court which in our opinion influenced the jury in arriving at a verdict. There being no error of a reversible nature, the judgment of conviction appealed from is affirmed.

Affirmed.