197 So. 67

## JACOBS v. STATE.

### 4 Div. 586.

Court of Appeals of Alabama.
May 14, 1940.

Rehearing Denied June 4, 1940.

Fleming & Paul, of Elba, for appellant.

Thos. S. Lawson, Atty.Gen., and Jas. F. Matthews, Asst.Atty.Gen., for the State.

RICE, Judge.

Appellant killed Pete Jackson by shooting him with a pistol.

He was tried under an indictment charging him with the offense of murder in the first degree; was convicted of the offense of manslaughter in the first degree; and his punishment fixed at imprisonment in the penitentiary for the term of ten years.

The undisputed testimony was that appellant shot said Jackson twice with a pistol at the roadside store of Eugene Brown, in the course of a conversation, and in the presence of said Brown. And that in said conversation decedent told appellant that he, appellant, "swore a lie on his brother."

Both men came to Brown's store together in a truck, and were "drinking." And both were standing in the store and facing each other when the shooting began.

Appellant had a pistol in his pocket, and took it from his pocket just before shooting. Deceased was not armed; but a small pocket knife, unopened, was taken from his pocket, with a bottle of whiskey, after he was shot.

For appellant the testimony tended to show that before the shooting deceased had made some uncommunicated threats; that deceased, when drinking, had a reputation for being "violent, turbulent, and bloodthirsty;" and that just before the shooting deceased told defendant (appellant) he had sworn a lie; and "caught him by the throat with his left hand and was going into his front pocket with his right hand."

Eugene Brown and appellant were the only living witnesses, who were present at the shooting of Jackson.

There were no exceptions reserved on the taking of testimony; and no objections to any portion of the trial court's elaborate oral charge. There were five written charges given to the jury at appellant's request. And some twenty-two such charges refused.

Appellant was represented below, and is represented here, by able counsel. And in their brief filed here, they say: "The oral charge of the court, in the opinion of this appellant, is very able; but due to some very unique circumstances is not sufficient; and the written charges asked by appellant should have been given, since they were not covered or embraced in the oral charge or any of the written charges which were given."

■ We will see: Appellant's written, requested, and refused charge 20, it does seem, abstractly considered, asserts a correct proposition of law. Keith v. State, 97 Ala. 32, 11 So. 914. But a careful reading of the oral charge of the court convinces us that every element of the said refused charge 20 was contained in same. So there was no error in its refusal. Code 1923, § 9509.

As for refused charge 21, which also seems to assert a correct proposition of law (Bone v. State, 8 Ala.App. 59, 62 So. 455), the same comment we made on the refusal of written requested charge 20 is applicable. And the same is true as to refused charge 28, apparently asserting a correct proposition of law under the authority of Langston v. State, 8 Ala.App. 129, 63 So. 38.

Appellant's written, requested, and refused charge 7 was in the following language, to-wit: "(7) If the jury believe from the evidence that the deceased was of a violent and bloodthirsty character, they are to take such evidence into consideration in determining the degree of the defendant's guilt, provided they find him guilty."

The Attorney General representing the State on this appeal argues ably that this charge was fatally defective in a number of respects. But we are bound by a Statute. Code 1923, § 7318.

We are unable to say this charge 7 was abstract. And its substance is not covered by and included in the trial court's oral charge.

■ In the decision in the case of Smith v. State, 88 Ala. 73, 7 So. 52, a charge in language identical with that of charge 7 was held by our Supreme Court to be due the defendant—under circumstances not different from those prevailing here. Hence we must hold it error—and, perforce, prejudicial—for the court to have refused this charge. And see Jackson v. State, 229 Ala. 48, 155 So. 581.

The other written, requested, and refused charges have each been examined. If any one of same was correct and applicable to the issues involved we find its substance to have been covered by and included in either the trial court's oral charge, or some one of the appellant's written requested charges which were given to the jury.

The case was simple in its elements, and, as appears from the record before us, carefully tried. But for the error in refusing to give to the jury at appellant's request his written charge 7, the judgment must be reversed and the cause remanded. Code 1923, § 7318

Reversed and remanded.