328 So.2d 626

**Larry Glenn COLLIER**

v.

**STATE.**

**6 Div. 940.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Rehearing Denied Jan. 20, 1976.

James F. Berry and Hayden R. Battles, Cullman, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent at nisi prius and on this appeal, was convicted of first degree murder. The jury fixed punishment at life imprisonment.

The victim of the homicide was Harold Eather Brown, who was the father-in-law of defendant. The homicide was effected by the use of a semi-automatic rifle fired in the living room of deceased at his home in Cullman County.

It is undisputed and the evidence is ample that at the time defendant and his pregnant wife, together with deceased and his wife and children, all occupied the same dwelling house as their home. Each family shared some of the living expenses; all had access to the living room where the homicide occurred.

The evidence indicates that the homicide victim on occasions consumed alcoholic beverages to the extent of becoming inebriated, and when in that condition, was prone to be violent and abusive of his family, including his own wife and defendant.

It further appears that on or near the day of the slaying, defendant had procured possession of the rifle used in the slaying and brought it to their home. He contended that he was going hunting, but there was other evidence to support an inference that he brought it to their home for use on his father-in-law in self-defense.

Omitting reference to much evidence of fussing, threats and abuse emanating from family contacts when defendant was drunk, we now refer to evidence as to what happened at the time of the slaying.

It appears that defendant placed the rifle just inside the living room while some members of the family went outside for one of them to use a rest room. Defendant contends that the father-in-law, Brown, was drunk and lying on a couch when he began his abusive tantrum and started in the direction of the rifle, and kept coming,

making threats. Then defendant contends he grabbed the rifle and fired several shots at his father-in-law in self-defense. One or more of the rifle bullets killed him. There was no evidence that defendant was the aggressor or provoked the advance toward the gun and defendant.

■ Generally, as said in *Naugher v. State*, 105 Ala. 26, 17 So. 24, there are three elements of self-defense. It must appear, first, that at the time there was a necessity to take life, or that the circumstances were such as to create in the mind of the defendant a reasonable belief that it was necessary in order to save life or to prevent grievous bodily harm; second, that there was no reasonable mode of retreat or escape; and, third, it must not appear that the defendant provoked or was at fault in bringing on the difficulty.

■ But when it is shown, as here, that there was no duty to retreat for that the homicide occurred in his own home, the element of retreat is eliminated. *Usrey v. State*, 54 Ala.App. 448, 309 So.2d 485(3) cert. den. *Usrey v. State, ex rel. Atty. Gen.*, 293 Ala. 776, 309 So.2d 489. But the plea of self-defense is not available to defendant if he provokes or was at fault in bringing on the difficulty.

The trial court refused appellant-defendant's written charge, approved in *Naugher, supra,* which we quote as follows:

"The Court charges you that the law does not require one who is assailed in his own dwelling to retreat from, but the law permits him, and says that it is his right, to stand his ground and kill his assailant if it necessary so to do to save his life, or to protect himself from great bodily harm, provided he was without fault in bringing on the difficulty; and in this case the Court charges the jury that if they believe from the evidence that the deceased so acted as to create in the mind of defendant reasonable belief that he himself or any member of his family was in danger of life or sustain-

ing great bodily harm, at the hands of the deceased, then the defendant, under the law, had a right to shoot deceased and take his life, if such shooting was necessary to protect his own life, or that of any member of his family, from sustaining great bodily harm at the hands of the deceased."

It is to be noted that the first clause of the charge contains a correct statement of the law as to retreat when the defendant is assailed in his own home as the evidence shows to be undisputed fact.

■ The third element, supra, (freedom from fault) likewise was not a factor for the reason the evidence fails to show that defendant was at fault in provoking or bringing on the difficulty. The burden to show this rested on the prosecution.

■ It further appears that the trial court orally charged the jury on the duty to retreat. This duty was not applicable in the instant case due to the fact that the difficulty occurred in defendant's home, even though it was also deceased's home. The court misapplied the law in its charge to the jury.

■ The last part of the refused charge is predicated on element one, supra, and was a correct statement of the applicable law of self-defense. The other two elements were not involved in this plea of self-defense for the reasons we have pointed out. *Usrey, supra.*

We hold that in the light of *Naugher, supra,* the trial court committed reversible error in refusing the written charge.

The judgment is reversed and the cause is remanded.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.

## ON REHEARING

PER CURIAM.

■ The refused charge mentioned in the opinion, a basis of the court's error, asserts that the law permits the assailed defendant to protect not only himself, but *any member of his family* from danger to his life or the sustention of great bodily harm at the hands of the deceased. We fail to find in the court's oral charge that such protection was extended to any member of deceased's family occupying the home. Such protection appears in the charge approved in *Naugher, supra.*

■ In our opinion we did not advert to refused charge 11, as follows:

"The Court charges you that if the jury believes from the evidence that the deceased was of a violent character when drinking alcohol, they are to take such evidence into consideration in determining the degree of the defendant's guilt, provided they find him guilty."

A similar charge was approved in *Jacobs v. State,* 29 Ala.App. 388, 197 So. 67, cert. denied, 240 Ala. 58, 197 So. 69. See also, *Smith v. State,* 88 Ala. 73, 7 So. 52, for an approved charge of the same viewpoint. The refusal of charge 11, *supra,* was error.

■ The remaining argued charges tendered by defendant were not based on the evidence. The court did not err in refusing them. *Duchac v. State,* 52 Ala.App. 327, 292 So.2d 135, cert. denied 292 Ala. 251, 292 So.2d 139.

Opinion extended; application overruled.

All the Judges concur.