BLOODWORTH, Justice.
Petitioner, Johnnie C. Aberhart, was convicted of second-degree murder and sentenced to sixty years’ imprisonment in the penitentiary. The facts of the case are set out in the Court of Criminal Appeals’ decision which affirmed the conviction.
We granted certiorari to review petitioner’s claim of error in the Court of Criminal Appeals’ decision in holding that the trial judge did not err in refusing to give petitioner’s requested jury charge concerning the violent and bloodthirsty nature of the deceased.
The requested charge is, viz:
“The Court charges the jury that if they believe from the evidence that the deceased was of a violent and bloodthirsty character they are to take such evidence into consideration in determining the degree of defendant’s guilt provided they find him guilty.”
The Court of Criminal Appeals held, viz:
“Under the facts and circumstances of this case the trial judge was most generous to appellant in charging the jury on the law of self defense. The totality of the circumstances surrounding the killing did not justify such charge.”
* * * * * *
“We do not think under the facts and circumstances of this case that the trial judge committed reversible error in refusing the above-quoted charge.”
Petitioner contends that the trial judge erred to a reversal in refusing the proffered charge where, as here, evidence had been presented, without objection, as to the violent and bloodthirsty nature of the deceased. Petitioner further contends that it is not necessary to prove, but simply to offer evidence of, self-defense in order to be entitled to show evidence of the violent and bloodthirsty character of the deceased and to be entitled to the charge. We agree with petitioner and must, therefore, reverse and remand.
It has long been the rule in Alabama that if some evidence tending to show self-defense has been offered by a defendant, then he is entitled to offer proof of the violent and bloodthirsty nature of the deceased and to be given a requested charge thereon. E. g., Farley v. State, 279 Ala. 98, 182 So.2d 364 (1966); Smith v. State, 88 Ala. 73, 7 So. 52 (1889). See also Jackson v. State, 38 Ala.App. 488, 89 So.2d 108 (1956).
The Court in Smith found reversible error' precisely because this identical charge had not been given by the trial judge. In recent cases it has been held reversible error to refuse to give this charge. See Collier v. State, 57 Ala.App. 375, 328 So.2d 626 (1975) and Jacobs v. State, 29 Ala.App. 388, 197 So. 67 (1940).
The Court of Criminal Appeals articulated the above rules in its decision, but apparently considered that the facts of this case did not require that the requested charge be given. The Court of Criminal Appeals quoted with approval the following:
“ ‘. . . [I]n the absence of a tendency of the evidence to show that the defendant was without fault in bringing on the fatal encounter, that he was in imminent peril, or that he could not avoid the difficulty or retreat without increasing his peril, the defendant cannot prove' the bad character of the deceased for turbulence, nor threats by him toward the defendant, nor of a prior difficulty with him, though of a serious nature.’ ” (Citations omitted.)
While we do not disagree with this statement of the law, we cannot agree with the Court of Criminal Appeals as to its application of this rule to the facts. The point is that evidence of self-defense was offered. There was testimony to the effect that the *8 deceased was reaching into his car for- a rifle when petitioner shot him. The evidence also shows that the deceased was drunk or “very high” from drinking alcoholic beverages, and had made several threats to kill the petitioner on the day of the homicide. Evidence of deceased’s character was then offered without objection. Several witnesses testified that the deceased had a bad reputation for being bloodthirsty, turbulent, and violent.
Therefore, since some evidence tending to show self-defense was offered, and the deceased’s character was put in issue, we hold it was error to refuse to give the requested charge, and we reverse and remand.
REVERSED AND REMANDED.
All the Justices concur.