BOWEN, Judge.
The appellant was convicted of murder in the second degree and sentenced to eighteen years’ imprisonment.
Under the state’s evidence the appellant intentionally and wilfully shot and killed Walter Lee Frazier on November 26, 1976, at the corner of Cleveland Avenue and Wayne Street in Montgomery, Alabama.
The defense was self-defense and, if believed, shows that the appellant accidentally shot the deceased. Under the defense testi *108 mony the deceased came over to the appellant’s car to get a ride home. The deceased then jerked open the car door, grabbed the appellant by his coat lapel, and threatened to kill him if he either said or did anything to Elsie, the common law wife of the deceased and the former girlfriend of the appellant. The appellant got out of his car and “the deceased made a break at him, gritting his teeth, and the appellant pulled his gun”. Elsie came between them, “tussled” with the appellant and the pistol discharged, shooting the deceased in the neck and causing his death.
Only one instance of error is assigned on appeal and concerns the failure of the trial judge to give the following written charge requested by the defendant.
“Jury Charge No. 13:
“The court charges the jury that the defendant may offer proof of the deceased’s reputation for being a turbulent, violent, and bloodthirsty individual, and that such proof taken in connection with all the evidence in the case, may be sufficient to create a reasonable doubt of the guilt of the defendant.” (Emphasis added)
The trial judge did give a written requested charge very similar to the one refused and set out above. The given charge read:
“Jury Charge No. 14:
“The court charges the jury that the defendant may offer proof of the deceased’s reputation for being a turbulent, violent and bloodthirsty individual and that such proof taken in connection with all the evidence in the case, may be sufficient to create a presumption of self-defense.” (Emphasis added)
A review of the reported eases fails to reveal a ruling by any appellate court of this state approving or disproving either charge.
In Smith v. State, 88 Ala. 73, 7 So. 52 (1889), the following charge, of similar import, was approved:
“If the jury believes from the evidence that the deceased was of a violent and bloodthirsty character, they are to take such evidence into consideration in determining the degree of the defendant’s guilt, provid[ing] they find him guilty.” The court stated that where testimony is sometimes admissible only for a specific purpose, such as testimony proving or disproving the character of the person alleged to have been injured for turbulence, violence, or bloodthirstiness, the jury should be told to what extent this exceptional testimony should be weighed by them.
“(I)f the jury finds the defendant guilty, the character of the deceased for violence or bloodthirstiness may be considered by them in determining the degree of the homicide. This, because in altercations with persons of such character, doubts are more readily indulged, and prompter defensive measures may become necessary, than would be permitted between persons of peaceable habit. ‘On all doubtful questions as to who was the aggressor, the violent or blood-thirsty character of the deceased, if such be his character, enters into account. More prompt and decisive measures of defense are justified, when the assailant is of known violent and blood-thirsty nature. But this principle is confined to defensive measures. It furnishes no excuse or palliation for aggressive action.’ DeArman v. State, 71 Ala. 351, 361.
“The second charge asked, simply declared the proper scope and function of the testimony, as applied to this case, and should have been given . . . .” Smith, 88 Ala. at 77, 78, 7 So. at 53.
See also Collier v. State, 57 Ala.App. 375, 328 So.2d 626, cert. denied, 295 Ala. 397, 328 So.2d 629 (1976); McMillon v. State, 37 Ala.App. 690, 74 So.2d 728 (1954); Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111 (1948); Jacobs v. State, 29 Ala.App. 388, 197 So. 67, cert. denied, 240 Ala. 58, 197 So. 69 (1940), also approving this same charge.
Evidence of the general reputation of the deceased for violence, bloodthirstiness, or dangerousness is admissible “as having probative value on elements of the doctrine of self defense, other than the single issue concerning who was the aggressor”. Brooks v. State, 263 Ala. 386 at 389, 82 So.2d 553 at 554 (1955). Evidence of this *109 type is also admissible for the purpose of showing a reasonable apprehension of immediately pending danger which would justify the accused in striking more quickly, under the circumstances prevailing at the time of the homicide. Brooks, 363 Ala. at 309, 82 So.2d 553.
The trial court acted properly in refusing Requested Charge No. 14 which was identical with the given Requested Charge No. 13 except that Charge No. 14 was phrased in terms of “a presumption of self-defense” and Charge No. 13, in terms of “a reasonable doubt of guilt”. The given requested charge fairly and adequately covered the principle embraced in the refused requested charge. Helms v. State, 254 Ala. 14, 47 So.2d 276 (1950); Campbell v. State, 29 Ala.App. 343, 195 So. 775 (1940); Self v. State, 21 Ala.App. 304, 107 So. 719 (1926). The trial court charged the jury on reasonable doubt and self-defense and instructed the jury that
“if you have any reasonable doubt as to the Defendant’s guilt arising out of his plea of not guilty or arising out of his plea of self-defense, then the form of your verdict would be, ‘We, the jury, find the Defendant not guilty’.”
Considering the charge as a whole and for the reasons noted above, we find that the action of the trial court in refusing Requested Charge No. 13 was without error.
As required by law we have searched the record for error. Finding none, we affirm the judgment of the circuit court.
AFFIRMED.
All Judges concur.