DeCARLO, Judge.
Second degree murder, sentence: thirty years.
*463 On March 11, 1979, appellant was living in an apartment in Hartselle, Alabama, with Dean Puckett, the woman he later married. Appellant left the apartment on the evening of March 11, and when he returned he found Thomas Edward Ferguson knocking or beating on the door of the apartment and looking for Dean. The evidence most favorable to appellant indicates that appellant (who was in his car) and Ferguson (who was on foot) had words about Dean, and that Ferguson pulled a knife and tried to cut appellant through the partially open car window. Appellant drove his car towards Ferguson and tried to pin him between two vehicles. Ferguson then ran for his car and left, saying, “I will be back.” Appellant went inside the apartment, got his shotgun, returned to his car, and followed Ferguson to the Crestwood Shopping Center, where Ferguson stopped his vehicle and appellant pulled up alongside. Ferguson then got out of the car and began coming towards appellant. When appellant saw Ferguson put his hand in his pocket, appellant picked up his shotgun. Ferguson said, “Shoot me, mother, shoot me,” and appellant fired a shot which missed Ferguson and blew out the windows of Ferguson’s automobile. Ferguson then began moving towards the front of the car and appellant fired a second shot, hitting Ferguson. As Ferguson crouched and started to get up, appellant pulled around to the front of Ferguson’s car and shot Ferguson again. Appellant then left the scene and was arrested at his apartment shortly thereafter. Thomas Edward Ferguson died on March 13,1979.
I
Appellant maintains that the trial court erred in giving his oral charge to the jury and in refusing appellant’s two requested written charges. The court instructed the jury as follows:
“You have also heard evidence of the reputation of the deceased for turbulence and violence. The only place that that has in the case is in evaluating or calculating the conduct of the defendant at the time that he contends that he was in peril or in apparent peril. You will evaluate it from that standpoint.”
At the conclusion of the oral charge, the following occurred:
“MR. STRAUB: We except to that portion of the Court’s charge where he said in substance ‘The only time the bad character of deceased comes into play is in evaluating the actions of the Defendant.’ “THE COURT: All right. How would you want that corrected, what other aspect.
“MR. STRAUB: I don’t know. I just don’t think it makes a correct statement of the law.
“THE COURT: It is allowed for the purpose of — on the issue of whether or not the Defendant considered himself in actual or apparent peril, and that is the only purpose it is allowed for, and I will let that stand.
“MR. STRAUB: We except.”
The court refused the following written charges requested by appellant:
“1. The court charges the jury that if they believe from the evidence that the deceased was of a violent and bloodthirsty character they are to take such evidence into consideration in determining the degree of the defendant’s guilt, provided they find him guilty.
[[Image here]]
“17. If the jury believe from the evidence that the deceased was of a violent and bloodthirsty character, they are to take such evidence into consideration in determining the degree of the defendant’s guilt, provided they find him guilty.”
While it is our judgment that appellant was not entirely free from fault, and that, by arming himself and following the victim he may have become the aggressor in the instant case, appellant did offer “some evidence tending to show self-defense.” Aberhart v. State, Ala.Cr.App., 353 So.2d 4, reversed, 353 So.2d 6, 7 (Ala.1977). He was, therefore, entitled to present evidence of the violent and bloodthirsty character of the deceased, and was entitled to the two *464 refused charges. Aberhart v. State, supra. For the erroneous oral charge and the refusal of the written charges, the judgment of conviction of the circuit court of Morgan County is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.