EMBRY, Justice.
The Court of Criminal Appeals ruled correctly in reversing defendant’s conviction for second degree murder based on the trial court’s refusal to give the following jury charges requested by defendant:
“1. The court charges the jury that if they believe from the evidence that the deceased was of a violent and bloodthirsty character they are to take such evidence into consideration in determining the degree of the defendant’s guilt, provided they find him guilty.

“17. If the jury believe from the evidence that the deceased was of a violent and bloodthirsty character, they are to take such evidence into consideration in determining the degree of the defendant’s guilt, provided they find him guilty.”
The only jury instructions given by the trial court which dealt with evidence of the deceased’s violent character related to the issue of self-defense, which the trial court instructed was a complete defense of justification. However, even if determined by the jury to be guilty, defendant was entitled to have the jury consider evidence of the deceased’s violent character as a miti *465 gating factor in determining the degree of defendant’s guilt, since defendant could have been convicted of a lesser offense, namely, first degree manslaughter.
In Smith v. State, 88 Ala. 73, 7 So. 52 (1889), this court considered a trial court’s refusal of a requested jury charge identical to defendant’s requested charge number seventeen in the case at hand, and said:
“... Testimony is sometimes admissible only for a specific purpose; such as, the peaceable character of a defendant, who is accused of a crime involving violence; or, testimony impeaching or sustaining a witness; or, testimony of previous threats, communicated or uncommunicat-ed, made by the person on whom the injury was inflicted; or, testimony proving or disproving the character of the person alleged to have been injured, for turbulence, violence, or blood-thirstiness. In such cases, it is but right that the jury should be told to what extent this exceptional testimony should be weighed by them. In the last two of the cases supposed, if the jury finds the defendant guilty, the character of the deceased for violence or blood-thirstiness may be considered by them in determining the degree of the homicide. This, because in altercations with persons of such character, doubts are more readily indulged, and proper defensive measures may become necessary, than would be permitted between persons of peaceable habit. ‘On all doubtful questions as to who was the aggressor, the violent or blood-thirsty character of the deceased, if such be his character, enters into the account. More prompt and decisive measures of defense are justified, when the assailant is of known violent and blood-thirsty nature. But this principle is confined to defensive measures.’ It furnishes no excuse or palliation for aggressive action. — DeArman v. State, 71 Ala. 351, 361.” (Emphasis added.)
Smith was cited with approval by this court in Aberhart v. State, 353 So.2d 6 (Ala.1977), wherein this court found error in the trial court’s refusal of a requested charge identical to defendant’s requested charge number one in the present case. See also, Collier v. State, 57 Ala.App. 375, 328 So.2d 626 (1976); McMillon v. State, 37 Ala.App. 690, 74 So.2d 728 (1954); Jacobs v. State, 29 Ala.App. 388, 197 So. 67 (1940).
The State, nevertheless, contends that it was not error to refuse the charges because the undisputed evidence showed defendant was the aggressor. Contrary to this conclusion, however, the appellate court held:
“While it is our judgment that appellant was not entirely free from fault, and that, by arming himself and following the victim he may have become the aggressor in the instant case, appellant did offer ‘some evidence tending to show self-defense.’ Aberhart v. State, Ala.Cr.App., 353 So.2d 4, reversed, 353 So.2d 6, 7 (Ala.1977). He was, therefore, entitled to present evidence of the violent and bloodthirsty character of the deceased, and was entitled to the two refused charges... . ”
The State’s contentions that defendant was clearly the aggressor is a challenge to findings of fact by the appellate court. This court exercises supervisory powers over that appellate court only as to questions of law, and will not disturb its findings of fact. Ex parte Shoaf, 186 Ala. 394, 64 So. 615 (1914), denying certiorari Hagin v. Shoaf, 9 Ala.App. 300, 63 So. 764 (1913).
For the foregoing reasons, the writ of certiorari is due to be and is hereby quashed as improvidently granted.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.