PER CURIAM.
The appellant was indicted for intentional murder, in violation of § 13A-6-2, Code of Alabama 1975. He was found guilty as charged in the indictment and was sentenced to 20 years in prison. He raises two issues on appeal.
I
The appellant first contends that the trial court erred in refusing to give the following jury charge:
“The Court charges the jury that if they believe from the evidence that the deceased was of a violent and bloodthirsty character, they are to take such evidence into consideration in determining the de *555 gree of the defendant’s guilt, provided they find him guilty.”
(R. 368.) The appellant contends that testimony that the deceased threatened to kill the appellant two months prior to the murder and that he threatened to kill everybody who was in the house with the appellant minutes before the murder constituted evidence of the deceased’s violent and bloodthirsty character. He also contends that testimony that the deceased had cut him with a knife a few years prior to the murder constituted evidence of the deceased’s violent character. This argument has no merit.
After a defendant presents some evidence tending to show that he acted in self-defense, he is then entitled to offer proof of the violent and bloodthirsty nature of the deceased. Aberhart v. State, 353 So.2d 6 (Ala.1977); White v. State, 539 So.2d 445 (Ala.Crim.App.1988). The bloodthirsty and violent character of a deceased may only be proven by evidence of his reputation for those traits and not by evidence of specific acts. White; Huffman v. State, 360 So.2d 1038 (Ala.Crim.App.1977), aff'd, 360 So.2d 1045 (Ala.1978); Tate v. State, 337 So.2d 13 (Ala.Crim.App.1976). The evidence cited by the appellant went to his contention that he acted in self defense. The evidence was not character evidence. There was no evidence presented that the deceased had a bloodthirsty and violent reputation in the community in which he lived. Although there was evidence that the deceased had injured the appellant on a prior occasion and had threatened him, this did not constitute evidence that the deceased had a violent character. Thus, the charge was misleading under the evidence and was properly refused. See, e.g., Tate.
II
The appellant next contends that his sentence violated the Equal Protection and Due Process Clauses of the United States Constitution because the sentencing provisions of § 13A-5-6(a)(4), Code of Alabama 1975, are discretionary and the trial court imposed a 20-year sentence. This argument has no merit. This court has previously held that the provisions of § 13A-5-6(a)(4) are mandatory. Clency v. State, 475 So.2d 642 (Ala.Crim.App.1985). “[T]he legislature alone is given the power to fix the limits of punishment for criminal offenses, and the courts are bound in the imposition of punishment to the authority granted to them by the legislature, in the absence of constitutional infirmities in the statute.” Rocker v. State, 443 So.2d 1316, 1322 (Ala.Crim.App.1983). The statute does not violate the appellant’s right to equal protection or due process. Bradford v. State, 512 So.2d 134 (Ala.Crim.App.1987). See generally Rocker. The appellant was properly sentenced.
For the reasons set forth above, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.