229 So.2d 27

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

In re Clarence STALLWORTH

v.

STATE of Alabama.

1 Div. 611.

Supreme Court of Alabama.

Nov. 7, 1969.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for petitioner.

Arthur D. Shores, Birmingham, for appellant.

MADDOX, Justice.

The petition for writ of certiorari to the Court of Criminal Appeals by the Attorney General on behalf of the State of Alabama must be stricken because of the failure to comply with Section 32 of Act No. 987.

Act No. 987, passed in the 1969 regular session of the legislature, approved September 12, 1969, became effective October 1, 1969, at which time the former Court of Appeals became the Court of Criminal Appeals. The Court of Appeals had reversed a conviction of second degree mur-

der [1] on September 9, 1969, 229 So.2d 26. The State applied for a rehearing and the application was denied by the Court of Criminal Appeals on October 7, 1969. Act No. 987 provides that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal matters and the application for rehearing in the instant case was properly transferred to that court on October 1, 1969. Supreme Court Rule 39 requires, as a condition precedent to our receipt or consideration of an application, for writ of certiorari for the purpose of review, that the application show on its face that a rehearing was requested in the appropriate Court of Appeals and that it was decided adversely to the movant. The application to this court shows that the rehearing was denied on October 7, 1969, and the only court with authority to deny the application for rehearing in Stallworth v. State on that date was the Court of Criminal Appeals. The petition for writ of certiorari was filed here on October 22, 1969, within the fifteen days permitted by Supreme Court Rule 39.

But this petition was in the same form as has been used for years in petitioning for writs of certiorari to the then Court of Appeals. After stating that judgment of conviction had been reversed and the cause remanded, that petitioner had timely filed an application for rehearing and that it had been denied on October 7, 1969, the petitioner stated in his petition, which was accompanied by briefs, and specified the errors in the opinion complained of in the following language:

"As grounds for this petition, appellee respectfully insists:

"1. That the Court of Appeals erred in reversing and remanding said cause.

"2. For that the Court of Appeals erred in holding that the trial court erred in granting the State's motions to strike defendant's motions to quash the venire and the indictment after defense attorney admitted the effect of such motions was a motion for continuance."

■ On its face, the application does not comply with § 32 of Act No. 987. The Act has not yet been published in pamphlet form, but the essence of § 32 of the Act is stated on pages 406–7, 4th paragraph, The Alabama Lawyer, October, 1969. While we are here concerned with § 32, we quote § 33 which also pertains to applications or petitions for writs of certiorari to review decisions of either of the Courts of Appeals:

"Section 32. Review of the decisions of the courts of appeals shall be by petitions for writ of certiorari to the supreme court. A petition for writ of certiorari to the supreme court in a criminal case in which the death penalty was imposed as punishment will be considered by the supreme court as a matter of right. In all other cases, civil or criminal, petitions for writs of certiorari should be granted only (1) from decisions initially holding invalid a city ordinance, a state statute or a federal statute or treaty, or initially construing a controlling provision of the Alabama or Federal Constitution; or (2) from decisions that affect a class of constitutional, state or county officers; or (3) from decisions where a material question requiring decision is one of first impression in Alabama, or (4) from a decision that is in conflict with a prior decision of the supreme court on the same point of law. When (4) is the basis of the petition for certiorari, the application

---

[1]. The petition for certiorari showed that the defendant had been convicted of the offense of murder in the second degree. In fact, the defendant was convicted of the offense of *perjury* and the designation of the other offense was a clerical drafting error. For jurisdictional purposes the Supreme Court does not look

beyond the face of the petition and therefore its opinion described the offense as shown by the petition rather than by the record of the case.

John P. Scott, Reporter
of Decisions for the
Supreme Court of
Alabama.

must quote that part of the opinion of the appropriate court of appeals, and that part of the prior decision of the supreme court with which the conflict is alleged."

"Section 33. The petition for writ of certiorari must be on transcript paper, must show that an application for a rehearing was made to and decided adversely by an appropriate court of appeals. Briefs must accompany and be filed with the petition. Both petition and brief must be filed in the office of the clerk of the supreme court within fifteen days after the action of the designated court of appeals upon the application for rehearing. Compliance with Supreme Court Rule 39 is required."

In the instant case, the Attorney General has not made any reference or mention of any of the enumerated criteria which the legislature set as conditions or limitations to review by this court. For that reason, the petition for writ of certiorari must be stricken for failure to comply with § 32 of Act No. 987.

 There is no set or magic language to use in petitioning this court for a writ of certiorari to the Court of Criminal Appeals or the Court of Civil Appeals. However, since this procedure is new, we set out acceptable language in each of the five instances provided in § 32 in order to comply with the section. We use the same designations as used in § 32:

Death cases—"The Court of Criminal Appeals has affirmed a judgment in which a sentence of death was imposed." Then it will be helpful to the court for the petitioner to specify the alleged errors on which a reversal is sought.

(1) "The Court of (Criminal, Civil) Appeals held invalid a (city ordinance, state or federal statute or treaty, or incorrectly construed a controlling provision of the Alabama or United States Constitution)." The petitioner should then specify the errors in the opinion, preferably beginning each contention with the words: "The court erred" etc.

(2) "The basis of this petition for writ of certiorari to the Court of (Criminal, Civil) Appeals is that the decision affects a class of (constitutional, state or county officers) namely, the office of _____." The petitioner should then specify the errors in the opinion, such as "The court erred in holding," etc.

(3) "The basis of this petition for writ of certiorari to the Court of (Criminal, Civil) Appeals is that a material question was one of first impression in the appellate courts of Alabama and was incorrectly decided." The petitioner should then specify the errors in the opinion, such as "The court erred" etc.

(4) "The decision of the Court of (Criminal, Civil) Appeals is in conflict with a prior decision of the Supreme Court on the same point of law. In its opinion, the appellate court stated: (copy the alleged conflicting holding.) In the case of _____ v. _____, (citation) the Supreme Court stated: (copy). These statements of the law are in conflict and the Court of (Criminal, Civil) Appeals erred in failing to follow the decision of the Supreme Court on the same point of law."

 From and after the announcement of this decision, the clerk of the Supreme Court will be instructed to return, without filing, all requests for writs of certiorari to the Court of Criminal Appeals and the Court of Civil Appeals where, as here, there is no attempt to comply with § 32 of Act No. 987.

The petition of the State for certiorari is stricken for failure to comply with § 32 of Act No. 987.

Petition stricken.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.