277 So.2d 412

**In re Carlton Jerry AYCOCK**

**v.**

**STATE of Alabama.**

**Ex parte Carlton Jerry Aycock.**

**SC 308.**

Supreme Court of Alabama.

May 3, 1973.

Smith & Smith, Dothan, for petitioner.

JONES, Justice.

This is a petition for writ of certiorari to the Court of Criminal Appeals to review and revise the opinion and judgment which that court rendered in Aycock v. State, 4 Div. 125, 50 Ala.App. 130, 277 So.2d 404 (1973).

After careful consideration of the petition, we have determined that it does not

comply with Supreme Court Rule 39. 286 Ala. XXI; Morrison v. Morrison, 287 Ala. 343, 251 So.2d 764. It follows that the petition for writ of certiorari must be denied.

We feel it necessary to point out once again that the requirements of Rule 39 are jurisdictional. Duncan v. State, 275 Ala. 290, 154 So.2d 305. The mere assignment of alleged error is not sufficient. As stated in Rule 39:

". . . applications for writs of certiorari will be granted only (1) from decisions initially holding invalid a city ordinance, a state statute or a federal statute or treaty, or initially construing a controlling provision of the Alabama or federal Constitution; or (2) from decisions that affect a class of constitutional, state or county officers; or (3) from decisions where a material question requiring decision is one of first impression in Alabama, or (4) from a decision that is in conflict with a prior decision of this court on the same point of law. When (4) is the basis of the application, it must quote that part of the opinion of the appropriate court of appeals, and that part of the prior decision of this court with which the conflict is alleged."

An allegation that the decision of the Court of Criminal (Civil) Appeals is within the purview of one or more of the four above-stated categories must be set out in the petition for certiorari. See Ex parte State of Alabama ex rel. Attorney General. (In re Clarence Stallworth v. State), 285 Ala. 72, 229 So.2d 27 (1969), modfied in Hanvey v. Thompson, 286 Ala. 614, 243 So. 2d 748 (1971) which sets out suggested language to comply with our Rule 39.

Writ denied.

COLEMAN, BLOODWORTH, McCALL and FAULKNER, JJ., concur.