292 So.2d 139

**In re David DUCHAC**

v.

**STATE.**

**Ex parte David Duchac.**

**SC 709.**

Supreme Court of Alabama.

Feb. 28, 1974.

Elno A. Smith, Jr., Montgomery, for petitioner.

No brief for the state, respondent.

BLOODWORTH, Justice.

We deny this petition for the sole reason that it is insufficient in that it does not comply with the provisions of our Rule 39, as interpreted by our case law. It merely makes the bare-bones assertion of a "conflict with a prior decision of this Court on the same point of law." There is no averment as to what portion of the decision of the Court of Criminal Appeals conflicts with which decision of our Court. Nor are we advised with what part of a decision of our Court there is a conflict.

Again, we point out as we have heretofore done, first on November 7, 1969, in Ex parte State ex rel. Attorney General (In Re Clarence Stallworth v. State of Alabama), 285 Ala. 72, 229 So.2d 27, viz.:

"There is no set or magic language to use in petitioning this court for a writ of certiorari to the Court of Criminal Appeals or the Court of Civil Appeals. However, since this procedure is new, we set out acceptable language in each of the five instances * * *

"(4) The decision of the Court of (Criminal, Civil) Appeals is in conflict with a prior decision of the Supreme Court on the same point of law. In its opinion, the appellate court stated: (copy of the alleged conflicting holding.)

In the case of _____ v. _____, (citation) the Supreme Court stated: (copy). These statements of the law are in conflict and the Court of (Criminal, Civil) Appeals erred in failing to follow the decision of the Supreme Court on the same point of law."

Ex parte State ex rel. Attorney General, 285 Ala. 72, 229 So.2d 27 (1969).

Writ denied.

HEFLIN, C. J., and COLEMAN, Mc-CALL and JONES, JJ., concur.