296 So.2d 778

**In re Donald WILSON**

**v.**

**STATE of Alabama.**

**Ex parte Donald Wilson.**

**SC 772.**

Supreme Court of Alabama.

May 16, 1974.

Wyman O. Gilmore, Grove Hill, and John L. Lawler, Mobile, for petitioner.

No brief for the State.

PER CURIAM.

Writ denied.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, McCALL and FAULK-NER, JJ., concur.

HEFLIN, C. J., and MADDOX and JONES, JJ., dissent.

JONES, Justice (dissenting).

The opinion of the majority in denying the writ is based on the scope of review issue and does not reach the merits of the case. This scope of review issue—Rule 39—is frequently before us and we have many·times cautioned the bar that compliance with this rule of court is jurisdictional. Aycock v. State, 291 Ala. 49, 277 So.2d 412 (1973).

The purpose of this dissent is not to register disagreement with Rule 39, nor am I in philosophical disagreement with the statutory structure of our intermediate appellate courts which establishes the Court of Civil Appeals and the Court of Criminal Appeals as courts of last resort. (See my dissenting opinion in Mathis v. State, 292 Ala. 732, 296 So.2d 764 (1974). Rather, the purpose of this dissent is two-fold: first, to register my disagreement with the majority's application of the rules of review in the context of the instant case; and, second, to again caution the practicing bar of this State that Rule 39 is the "roadmap" which *must* be followed as the only route to this Court's review of our intermediate appellate courts.

The Petition for the Writ of Certiorari to the Court of Criminal Appeals was originally assigned to me, and in the interest of economy of time I will quote my views of the case from the memorandum prepared by me and distributed to the other members of our Court prior to conference:[1]

"Admittedly, petitioner's paragraph 4, which is the only point in the petition dealing with the substantive issue on which I would entertain the petition for the writ, is technically deficient in that there are no magical words conforming to Rule 39.

"Petitioner, however, does incorporate in paragraph 4 by reference his application for rehearing and his original and reply briefs in support thereof, which I believe makes clear what he is saying, and this is at least in the ball park insofar as the spirit of Rule 39 is concerned. The error complained of is obvious by the apparent inconsistency of the first two paragraphs of § V near the conclusion of Judge Cates' opinion. The first paragraph says that the trial judge should have let the jurors testify about 'extraneous facts' which may have influenced their verdict, and he then proceeds to say that this was harmless error (Rule 45) because no such testimony was adduced.

"It may well be that an examination of the record will prove that I am misinterpreting these two paragraphs or otherwise oversimplifying the issue; but it seems proper to me to grant the writ and then go to the record for a clearer understanding of the facts involving the issue which is here addressed by the Court below. The alternative is to deny the writ in a case where the opinion below contains an *obvious* inconsistency at worst and an *apparent* inconsistency at best.

"Then, too, we should consider the petitioner's dilemma in framing his petition in the classical language of Rule 39. To deny the petition on the *scope of review* is to allow the Court of Criminal Appeals' opinion to serve as a trap in the petitioner's effort to seek review, and this was certainly not the result intended by Judge Cates.

1. This was on preliminary consideration only as to whether the writ would be granted, i. e., whether we would agree to review the case.

"In my opinion, our denial of the writ under these circumstances violates, rather than conforms to, the spirit of Rule 39. I would grant the writ."

HEFLIN, C. J., concurs.