309 So.2d 510

Ernest James WILCOX

v.

STATE.

I Div. 544.

Court of Criminal Appeals of Alabama.

March 4, 1975.

Wilson M. Hawkins, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Appellant was indicted by the Mobile County Grand Jury on a charge of robbery January 13, 1972. He was declared by the trial court to be an indigent, and an attorney was appointed July 1, 1974. Trial began October 1, 1974, and ended the next day with a Jury verdict of guilty with punishment fixed at ten years in the penitentiary.

The trial court appointed counsel for appellant on appeal and a free transcript was ordered by the trial court. Counsel for appellant filed a "no merit letter" with this Court on February 7, 1975.

The State's case against the appellant consisted of two eye witnesses to the robbery. Mrs. Verla Mae Smith and Mrs. Barbara Smith, both testified for the State. They were employees of the Dairy Castle on October 10, 1971, the date of the robbery. Both witnesses testified that the defendant came to that place of business around 10:00 P.M., came to the sales window, ordered a coke, and then held what appeared to be a pistol under a paper napkin on them and demanded Verla Mae Smith to give him all the money in the cash register, which she did. She testified the cash taken was approximately $90.00.

Both witnesses gave a positive identification of the defendant in the court room as being the person who robbed them. Both witnesses testified they had looked over photographs provided by the Police Department shortly after the robbery and had separately identified the defendant from among the various persons depicted in the photographs. Both testified that no suggestion was made to either of them from the police as to the defendant's identity while they were looking at the photographs.

The Defense called Olivia Knight and Cheryl West as witnesses. The Defense showed both witnesses to have been subpoenaed by the State, that both were also employees of the Dairy Castle, and present on the night of October 10, 1971, during the robbery, and that the State decided to use neither of these witnesses after having subpoenaed them. The Defense elicited testimony from both witnesses that they

could not give a positive identification of the defendant at that time. Both stated they had picked defendant's picture from a group of photographs shown them by the police, but could not give a positive identification.

The Defense next called Mrs. Gladys Nichols, mother of the appellant, for the purpose of establishing an alibi. She stated that the appellant attended a wedding reception on the night of the robbery and that she had seen him there, but on cross-examination and redirect examination, she was unable to say conclusively when he came to the reception or when he left. She stated that she thought he came in around 9:00 P.M. and stayed until around 10:00 P.M. the night of the robbery, but was not definite, and her testimony was confused.

Sgt. Ashbel H. White was then called by the State in rebuttal of Mrs. Nichols' testimony. He testified that he was a police officer for the City of Mobile and was looking for the appellant at his home around 1:00 A.M. the morning following the robbery. He stated he talked to Mrs. Nichols, and she told him she had not seen her son as he had not been in town for some time. The trial court sustained the objection of Defense counsel to Officer White's statement, and instructed the jury to disregard the testimony.

Officer George Washington testified for the State that he was a police officer with the Mobile Police Department and that he had shown Mrs. Verla Mae Smith a series of photographs for identification purposes, that he did not make any suggestion to her regarding identification and that she did pick out a particular photograph.

At the end of the court's oral charge, Defense counsel announced, "The Defendant has no exceptions, Judge."

I

Counsel for appellant filed a "no merit letter" with this Court, which in part is as follows:

"First, it should be noted that the transcript in this case contains only a little over fifty pages of transcribed testimony. There were no objections made during the opening statements or the closing statements of counsel and also no objections to the Court's oral charge, no denials of written charges. In addition, I have searched the record and found that on eleven (11) occasions during the trial the defendant objected to evidence and/or testimony and on all but one of these occasions the Court sustained the objection. The only occasion where the Court overruled a defendant's objection is found on page 49 of the transcript. There Sgt. Ashbel Hubbard White, Sr., a detective with the Mobile Police Department was testifying during the rebuttable (sic) portion of the State's case and on direct examination he was asked what did Mrs. Nichols, the Appellant's mother, say to Sgt. White when he went out to the Appellant's home to find him on the night of the crime. An objection was interposed at that time and after numerous discussions between counsel and the Court, the Judge overruled the defendant's objection whereupon Sgt. White testified that the Appellant's mother said that the Appellant is not in town that he had been out of town for some time. Whereupon the defendant again objected and at that time the Court agreed with the defendant and instructed the jury to disregard any conversation between Mrs. Nichols and Sgt. White. No mistrial was requested. The trial Courts (sic) error, if any, was harmless and was cured by the Court's prompt instructions.

"In addition, it appears that this case was submitted to the jury for its consideration based on the weight and sufficiency of the evidence. The Appellate Courts in Alabama have steadfastly held that such question is to be determined solely by the jury. State v. Oliver, 290 So.2d 658.

"In view of the above conslusion (sic) drawn by me as appointed counsel for

**476**

Appellant, I am forwarding to the Appellant a copy of this letter brief as submitted to you in conformity, the recommendations and guide lines outlined in the case of Anders v. California, 386 U. S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493."

After a careful review of the record in this appeal, this Court is in full accord with the above quoted findings of counsel for appellant. As required by law, we have carefully examined this record and find that the State did present a prima facie case during the trial. Since there was no motion to exclude the evidence, no request for the affirmative charge, and no motion for a new trial, the weight and sufficiency of the evidence are not presented for our consideration. George v. State, Ala.Cr.App., 304 So.2d 908. Alexander v. State, 44 Ala.App. 143, 204 So.2d 486, cert. denied with opinion 281 Ala. 457, 204 So.2d 488, cert. denied 390 U.S. 984, 88 S.Ct. 1107, 19 L.Ed.2d 1284.

Affirmed.

All the Judges concur.