BOWEN W. SIMMONS, Supernumerary Circuit Judge.
A jury convicted appellant-defendant of assaulting Wiley B. Dawkins, a police officer of the City of Brighton, Alabama, with a deadly instrument (a loaded pistol) while engaged in the active discharge of his lawful duty or duties. An indictment therefor was based on Title 14, § 374(20), Recompiled Code 1958, 1973 Cumulative Pocket Part; 1967 General Acts, p. 1600. The court sentenced defendant to eight years in the penitentiary and denied probation. Judgment entered accordingly and this appeal follows.
The alleged assault occurred at a night spot in Jefferson County, Bessemer Division, in the early morning hours of July 4, 1975, at which place the victim and a fellow officer had entered while both were on active duty.
Defendant was present in the cafe at the time the officers entered or came in soon after the officers entered. He was under the influence of alcoholic beverages and also, according to his own testimony, had been taking some tablets to kill pain.
Defendant approached Officer Ellington and began some “horseplay” by trying to handcuff this officer. He was rebuffed. Both officers took a seat in a booth to which defendant came and sat down. He became incensed because Officer Dawkins refused to shake hands with him; he thereupon, while drinking and infuriated, drew a .38 revolver which he was carrying, cocked it and pointed it at Dawkins and threatened to kill him.
Defendant was dissuaded by the manager of the business from further violence. He then went outside, soon followed by the officers and the manager. The next thing he showed up from the back of a motor vehicle, and the pistol was fired. The victim heard the shot and the singing of a bullet.
Defendant thereupon surrendered the pistol to another person who handed the pistol to the manager who kept it. The pistol was produced in court at defendant’s trial and admitted in evidence.
The officers left without arresting defendant, but later Officer Dawkins, the victim, who was a black, arrested defendant pursuant to a warrant for such arrest.
Defendant took the stand and remembered most of the incidents except producing the pistol in the booth and pointing it at Officer Dawkins and the alleged threat to kill him.
Defendant remembered leaving and going to his trailer and surrendering the pistol. He concluded that the pistol was fired accidentally and without any intention on his part to fire the same. We will not set out the many details of the episode. The jury resolved the conflict against defendant and found him guilty as charged in the indictment. The court fixed the punishment. There was no motion for a new trial so far .as our review of the record reveals.
I
Appellant contends that the trial court committed reversible error by overruling his motion to exclude the evidence at the close of the State’s case-in-chief. *188 This motion was based on the failure of the State’s witness to identify the defendant as being Danny Bush, the alleged perpetrator of the crime charged.
We think it would be a waste of time and space to point out the State’s evidence that fully identified defendant as the guilty person. We have read the record, and there was ample identifying evidence.
II
The next assertion of error is that the court refused to allow defense counsel to question the State’s witness, Sgt. Dawkins, as to the time of appellant’s arrest.
The witness testified that he arrested defendant. The court sustained the State’s objection as to the time. The time element was immaterial and irrelevant. It shed no light on the guilt or innocence of defendant. Sufficient is the fact that he was arrested. We might point out that the evidence shows at another place that no arrest was made at the time of the assault, but later.
III
The refusal of Charge 3 was free of error. It was not based on the evidence, it was abstract. Duchac v. State, 52 Ala.App. 327, 292 So.2d 135, cert. denied 292 Ala. 251, 292 So.2d 139.
IV
For the same reason as Charge 3, supra, Charge 2 was faulty and the court cannot be charged with error in refusing to give it.
V
Written Charge 4 was correctly refused. It, too, had the same fault as 2 and 3, supra.
VI
We cannot agree that the indictment was faulty and defective that it “will not support a jury verdict.” It was statutory in form and was sufficient to support the verdict.
VII
Defendant’s final contention is that the court erred in allowing the jury to separate during the trial without an agreement by defendant.
 We are not convinced from the record (by which we are bound and not a statement of counsel in his brief) that the jury separated at any time during the trial. On Page 4 of the record, we find the court reporter’s entry under “Proceedings,”
“ . . . at the conclusion of which the jury was sent to lunch after being duly warned not to discuss the case with anyone and to allow no one to discuss the case with them.”
The aforequoted statement does not affirmatively show that the jury was allowed to separate. They were “sent to lunch,” and we infer, in charge of a bailiff. We cannot speculate that the jury separated. Unless affirmatively shown to the contrary, we presume that the trial court performed its duty and kept them together. We again note that no motion for a new trial appears in the record.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, HARRIS, DeCARLO, and BOOKOUT, JJ., concur.