LEIGH M. CLARK, Supernumerary Circuit Judge.
All of appellant’s argument for a reversal revolves around the chief contention of his *78 counsel on appeal, who was also defendant’s counsel at the trial, that his counsel was so “inexperienced and inadequately prepared” that defendant was deprived of his right to “the assistance of counsel for his defense,” guaranteed by the last words of the Sixth Amendment to the Constitution of the United States. As much as we admire counsel’s humility, we are in disagreement with his self-appraisal.
We find nothing in the record to reflect derogatorily upon the ability of counsel for defendant. In counsel’s brief, he says, and we accept as correct, that he had only been practicing law nineteen working days at the time of defendant's arraignment, when he was appointed to represent defendant as an indigent. He states that he at the same time accepted court appointments to defend fifteen defendants against seventeen felony charges and four misdemeanor charges, set for trial November 17, 1975, at the same time as the case before us. We are not informed as to what happened in the other cases. If counsel handled them as well as he did this one, congratulations are in order.
Appellant was charged with robbery. The man he is charged with having robbed testified positively to defendant’s alleged act of robbery. There was no question as to identity. Defendant took the stand and attempted to explain away the charge of robbery by some evidence indicating that the alleged victim had misinterpreted the action of defendant. Upon finding defendant guilty, the jury fixed the minimum punishment, ten years imprisonment in the penitentiary.
In support of the theme of appellant’s counsel that defendant was not adequately and effectively represented by counsel, counsel refers to some of the important procedures employed in the defense of appellant, particularly a motion for change of venue, which was overruled by the trial court.
In the verified motion for a change of venue, defendant set forth two major reasons why he claimed that he could not have a fair and impartial trial in Cherokee County, which were (1) that some members of his family had a record of seventeen trials in criminal cases in the past twenty years and (2) newspapers published both in Cherokee County and Etowah County had publicized the crime for which defendant was charged to the prejudice of defendant. We are required to review the action of the trial court “without any presumption in favor of the ruling denying defendant’s motion for a change of venue.” Code of Alabama, Recompiled 1958, Tit. 15, § 267. In our effort to arrive at a correct conclusion, we have considered the verified contents of the motion and all testimony offered in support of it. Without indulging any presumption whatever in favor of the ruling, we are persuaded that, although the trial court could have ruled otherwise, there was little substance to sustain the contention that defendant could not obtain a fair and impartial trial in Cherokee County for this particular offense under the undisputed circumstances thereof. There was nothing unduly prejudicial in the newspaper articles. In order for them to support a ground for a change of venue there must be some evidence indicating that they could or did have influence on public opinion in the county of the trial. Malloy v. State, 209 Ala. 219, 96 So. 57. That some of the members of defendants family had been defendants in criminal eases in Cherokee County, without more, furnishes no basis for a change of venue. The ultimate issue is whether defendant could obtain a fair and impartial jury, and the burden as to that issue was upon defendant. Baker v. State, 209 Ala. 142, 95 So. 467; Boutwell v. State, 279 Ala. 176, 183 So.2d 774; Gilliland v. State, 291 Ala. 89, 277 So.2d 901; Aycock v. State, 50 Ala.App. 130, 277 So.2d 404, cert. denied, 291 Ala. 49, 277 So.2d 412.
Appellant’s counsel complains of his own conduct in calling the Cherokee County sheriff and the state investigator for Cherokee County as witnesses on the motion for a change of venue. We realize that this may have been a tactical mistake, but we cannot say so from the record itself, and no explanation for the action is sought to be given. *79 The witnesses testified that in their opinion defendant could obtain a fair and impartial trial in Cherokee County. That such testimony may have had some influence on the trial court in denying the motion, we do not question, but we must conclude that the action of the trial court was justified by reason of the lack of evidence to support the gravamen of the motion. We do not doubt in the least that if there had been such evidence defendant’s counsel would have presented it. Nor do we doubt in the least that if there had been such evidence presented, the State would have presented the testimony of the sheriff and the investigator.
Defendant’s testimony was doubtless, weakened by testimony obtained from him on cross-examination that he had been convicted of an assault with intent to rob and of grand larceny. When a defendant in a criminal case has a prior conviction or convictions of a crime involving moral turpitude, a difficult question is often presented whether he should take the stand. Even the most experienced counsel often deplore the choice made. However, in the case now before us, it is clear to us that defendant did not worsen his case by taking the stand.
It is our belief, after considering all of the record in the case, as well as briefs of counsel, that there is nothing in the record to indicate that defendant would have obtained a better result than he did, nor that this case would have been better tried from the standpoint of defendant, if his counsel had been a trial lawyer with many years of experience. We are surprised at the statement of counsel as to his limited experience and we are equally surprised in our failure to find anything in the record to denote it.
We find no error prejudicial to defendant in the record and no basis for a reversal. The judgment should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.