BOOKOUT, Judge.
Appellant was convicted in the Birmingham City Court of the offense of selling beer on an election day. Appeal from the Recorder’s Court to the Circuit Court resulted in an adjudication of guilt and a sentence to a fine of $35.00 and costs. The fine and costs not being paid, appellant was ordered to perform hard labor for the City of Birmingham for a period of six days and thereafter to perform hard labor for the County for four days in lieu of the fine and costs. There is no adjudication in the record that the appellant is an indigent. The appeal is submitted upon the record proper and a stipulation of facts, which appear as follows:
“THE COURT: It is stipulated and agreed by and between the defendant and the City—the stipulation is as follows. First of all, the Lamp Post Lounge is a private club in the City of Birmingham, Jefferson County, Alabama. Two, all the patrons therein at 12:50 a. m. November 4, 1975, were bona fide members or guests of members of said private club. Three, November 4, 1975, was an election day with the polls opening at 7:00 a. m. and closing at 7:00 p. m. Four, that Officer Wesson, a member of the Birmingham Police Department went to the Lamp Post Lounge and paid a dollar cover charge. He then bought a Schlitz beer for a dollar and ten cents.
“MR. WILKINSON: If you would add to the stipulation that the defendant—the private club had a private club liquor license issued by the State of Alabama at the time of the sale.”
I
The above stipulation is the factual basis upon which the finding of guilt was pronounced by the trial court. The facts related in the stipulation would ordinarily be insufficient to support a finding of guilt. There is no showing that the appellant had any connection with the Lamp Post Lounge, either as the owner or an employee. There is no showing that the appellant sold the beer to the police officer. However, the sufficiency of the evidence is not before this Court on appeal. It has been held by this Court on numerous occasions that where there is no motion to exclude the State’s evidence, no request for the affirmative charge, and no motion for a new trial, the sufficiency of the evidence is not presented for our consideration. Wilcox v. State, 54 Ala.App. 474, 309 So.2d 510 (1975); Frazier v. State, 53 Ala.App. 492, 301 So.2d 256 (1974); 7 Ala.Digest, Criminal Law, 1044.1(7).
II
Appellee filed a motion to dismiss the appeal on the grounds that appellant failed to file a brief with this Court within twenty-eight days from the date the record was completed and failed to apply for an extension of time for filing a brief pursuant to Rule 31, Alabama Rules of Appellate Procedure.
In the case of Watts v. State (1976), Ala.Cr.App., 337 So.2d 91, this Court held that the failure to file briefs in a criminal case was not ground for dismissal of the appeal. There, we had squarely before us the question of whether an appeal must be dismissed for failure of the appellant to file a brief pursuant to Rules 2(a), 31(a) and 31(c), ARAP, or whether Title 15, § 389, Code of Alabama 1940, precludes such dismissal. We held that § 389 would control. That section has long been construed to the effect that the filing of a brief is not essential to an appeal in a criminal case. Higginbotham v. State, 262 Ala. 236, 78 So.2d 637 (1955). Therefore, the appel-lee’s motion to dismiss the appeal is not well taken.
AFFIRMED.
All the Judges concur except CATES, P. J., not sitting.