The defendant was indicted for the murder of Rayburn Vess. Alabama Code 1975, Section 13A-6-2. A jury convicted him of manslaughter. Alabama Code 1975, Section 13A-6-3. Sentence was ten years' imprisonment and a fine of five thousand dollars.
The conviction of the defendant must be reversed because of the admission of hearsay evidence. On redirect examination of the State's first witness, Lawrence County Sheriff's Department Investigator, the following occurred:
 "Q. Jim, do you know what the right-of-ways are on those — on that road and that highway?
 "MR. ROGERS (Defense Counsel): Judge, we object to that, Your Honor, as to what the right-of-ways are; that's not the best evidence.
 "MR. MULLICAN (Assistant District Attorney): Well, if he knows can he testify to that?
 "MR. ROGERS: No, sir, that's the written document, Judge. *Page 108 
"THE COURT: Well, if he knows he can answer.
"Q. Go ahead, Jim.
"A. I checked —
"MR. ROGERS: Now, Judge, we are going to object.
"THE COURT: Overruled.
"MR. ROGERS: We take exception.
 "A. Okay. We checked with the State Highway Department and —
 "MR. ROGERS: We are going to object, Your Honor, on the basis of hearsay.
"THE COURT: Well, that's not the question.
 "Q. Do you know what the right-of-ways are on Highway 101 and County Road 19, Jim?
"MR. ROGERS: Judge, we —
"A. Fifty —
 "MR. ROGERS: Let me object, Jim. We object on the basis that it's hearsay and under the best evidence rule.
"THE COURT: All right, overruled.
"MR. ROGERS: We take exception.
 "A. The right-of-way on 101 is fifty feet from the center line, is what Mr. Lamon with the State Highway Department told us.
"Q. Okay. What was that number again, Jim?
"A. Fifty feet from the center line on 101.
 "Q. The right-of-way is fifty feet from the center line?
"A. Yes, sir.
 "Q. Okay. Do you know what the right-of-way on County Road 19 is?
 "MR. ROGERS: Now, Judge, we renew our objection on the basis of hearsay and the best evidence rule.
"THE COURT: Overruled.
"MR. ROGERS: We take exception.
"A. Thirty feet from the center line."
Investigator Martin's testimony as to the rights-of-way on the highway and county road was based on information he had obtained from the State Highway Department. For that reason, his testimony was incompetent under the hearsay rule and should not have been admitted. C. Gamble, McElroy's Alabama Evidence, Section 242.01 (1) (3rd ed. 1977). The testimony of a witness as to what another person told him is hearsay. Parker v. State,386 So.2d 495 (Ala.Cr.App. 1980); Reese v. State, 338 So.2d 495
(Ala.Cr.App. 1976). The statements of a third person, not made in the defendant's presence, are hearsay and inadmissible.Barker v. Coleman, 35 Ala. 221 (1859); Wheeler v. State,109 Ala. 56, 19 So. 993 (1896). Ownership and possession of land must be proved by evidence as other facts are proved. M.C.Dixon Lumber Co., Inc. v. Mathison, 289 Ala. 229, 266 So.2d 841
(1972). Additionally, we note that parol evidence is inadmissible to show the title or ownership of real property, when such ownership is based on title deeds, without first having laid a predicate for its introduction. Withers v. State,120 Ala. 394, 25 So. 568 (1898).
While Alabama Code 1975, Section 23-1-45 authorizes the state director of the highway department to acquire "the rights-of-way deemed necessary by the highway department" for the construction of roads, we find no statute, of which the trial court could have taken judicial knowledge, which specifies the width of a right-of-way. We do not consider this to be of such common knowledge that a court could take judicial notice of the existence and actual width of a right-of-way of a state or county road.
In its brief, the State contends that "at most, the allowance of this testimony constitutes harmless error since several of the other key elements of self-defense were not proven." This conclusion can be reached only by weighing the credibility of the witnesses. Our review of the evidence reveals that the testimony of the defendant, if believed by the jury, would have sustained a defense of self-defense.
Obviously, the purpose and reason for the State's introduction of the evidence concerning the right-of-way were to prove that the shooting occurred on State property and that the defendant had a duty to retreat. The defendant himself directly *Page 109 
contradicted this hearsay evidence when he testified that the shooting occurred in the driveway of his home and place of business. By way of explanation, the defendant lived in the same building where his business was located. This building with its driveway was adjacent to and contiguous with the intersecting state highway and county road. The hearsay testimony of the right-of-way of the state highway was the only testimony which disputed the defendant's testimony that the shooting occurred on his property. There was no evidence which disputed the existence of the right-of-way. Presenting such a conflict, we fail to see how the admission of the hearsay evidence can be held to constitute harmless error. The entire defense was self-defense and the hearsay evidence negated one element of that defense.
The trial judge instructed the jury that the defendant "is not required to retreat if he is in his dwelling or at his place of work and was not the original aggressor." The judge did not charge the jury that the defendant had no duty to retreat and the issue of retreat was a question for the jury. Hence we cannot label the error "innocuous" as the State has done.
Although innocuous testimony furnishes no basis for a reversal, Duchac v. State, 52 Ala. App. 327, 292 So.2d 135, cert. denied, 292 Ala. 251, 292 So.2d 139 (1974), where illegal evidence has been admitted, a reversal must follow, unless the court can clearly see that the illegal evidence could not have prejudiced the defendant. Jackson v. State, 52 Ala. 305 (1875);Blevins v. State, 38 Ala. App. 584, 90 So.2d 98 (1956); Capps v.State, 29 Ala. App. 192, 194 So. 689, cert. denied, 239 Ala. 221,194 So. 693 (1940).
 "In deciding whether error is prejudicial, we may not merely determine that other evidence presented is sufficient for conviction and then disregard the illegal evidence. If this was the case, prosecutors could fill the record which all types of prejudicial hearsay, irrelevant and unpredicated material, and never suffer a reversal if in addition thereto they made out a prima facie case.
 "Juries in criminal cases do not function under the `equity rule' where it is assumed that they disregard illegal evidence and base their verdict solely on the legal evidence, as a judge sitting in equity does."
* * * * * *
 "Appellate courts must reverse convictions where, over proper objection, evidence of a material and prejudicial nature to an accused is wrongfully admitted."
 Chatom v. State, 348 So.2d 828, 837 (Ala.Cr.App. 1976), reversed on other grounds, 348 So.2d 838 (Ala. 1977).
"(T)he rule of harmless error is not a remedy for the blunders of the prosecutor which substantially harm or impair the rights of the accused." Luker v. State, 361 So.2d 1124, 1127
(Ala.Cr.App.), cert. dismissed, 361 So.2d 1127 (Ala. 1978).
For the foregoing reason the judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur. *Page 334