[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 215 
Murder; sentence: fifty years' imprisonment.
Appellant shot and killed his wife, Clara Ingram Brown, on January 18, 1980. The State presented evidence which would indicate that this was the tragic result of long-term marital discord between the husband and wife.
The shooting incident took place at the mobile home of the victim's mother, Rosa Lee Ingram, where the appellant and his wife were currently residing. About mid-day the appellant had been served with a divorce complaint. A short time later the appellant visited the store where Clara was employed and threatened "I'll get even with you for this." Then the appellant went deer hunting for the remainder of the afternoon.
Around dark Clara arrived at the mobile home from work and shortly thereafter the appellant also returned from hunting. They immediately began quarreling. The appellant testified that he tried to get his wife to explain why she had told people that he had beaten her up the night before, but she refused to discuss the matter with him. Appellant discovered that she planned to attend church that evening with her mother. He walked into the bathroom where Clara was getting ready and insisted that she instead stay home with him. According to the appellant their fighting intensified, opprobrious words were exchanged, and the appellant became enraged from the victim's curses. At some point the appellant walked outside, picked up the shotgun he had left leaning against the porch, and stormed back inside firing the gun as he came through the door.
Mrs. Ingram started screaming. Clara, who had been sitting in the front room with Mrs. Ingram and two small children, jumped up and ran toward the back of the mobile home. Mrs. Ingram ran after her daughter attempting to block the appellant's passage. Appellant ordered Mrs. Ingram to get out of his way. When she did not comply, he shot and wounded her. Appellant stepped over her and proceeded to the rear of the mobile home where he found Clara in a bathtub. He grabbed his wife and dragged her down the hallway over her prostrate and bleeding mother and then shot and killed her.
Mrs. Ingram testified that Clara was begging the appellant not to kill her as he was dragging her down the hallway. Appellant insists that he and his wife were arguing and struggling over the gun. He testified that they were backing down the hall and she was trying to pull the barrel of the gun away from him. Appellant avowed that he bumped against a door and the gun accidentally went off.
After the shooting, appellant fled and hid at his parents' home nearby. He asked his father the next morning to drive him to Hayneville where he turned himself in to Lowndes County authorities. Later in the day he made a confessory statement wherein he admitted killing his wife.
 I
Appellant argues that the trial court committed reversible error in sustaining the district attorney's objection to this portion of appellant's opening statement to the jury:
 "BY MR. SIMS: I also expect the Judge to charge you that criminally negligent homicide is also a defense —
 "BY MR. BRYAN: Judge, we object. I believe it's up to you to determine which are the lesser included offenses and which aren't. *Page 216 
"BY THE COURT: Sustained."
There was no error.
The purpose of an opening statement is merely to advise a jury of the issues involved in the case before them. Braswellv. State, Ala.Cr.App., 371 So.2d 992 (1979). It is a well-established rule that the scope and latitude of the opening statement are matters that rest within the sound discretion of the trial judge and his ruling should not be disturbed on appeal unless an abuse is shown. Winnings v.State, Ala.Cr.App., 370 So.2d 323, cert. denied, Ala.,370 So.2d 329 (1979). Obviously, no evidence had yet been presented to the jury; and since the appellant was charged with murder, it was premature to predict that the trial judge would later instruct the jury on a lesser included offense. Moreover, the contested fragment of appellant's opening statement which appears in the record incorrectly calls "criminally negligent homicide" a "defense." We therefore approve the prudent determination of the trial judge in this regard.
 II
Appellant next contends that the trial judge committed reversible error during the oral charge to the jury when he inadvertently stated:
 "If the killing is prompted by a sudden heat of passion, excited by lawful provocation, being immediately perpetrated on its occurrence, and is not the offspring of malice, the crime may be manslaughter, but not murder." (Emphasis added.)
At the close of the oral charge, the trial judge queried:
"What do you say for the State?
"BY MR. BRYAN: State is satisfied.
"BY THE COURT: What do you say for the Defendant?
 "BY MR. SIMS: Judge, the only thing, you mentioned malice as being a part of murder — I don't believe that — that no longer applies, and I would object to that part.
 "BY THE COURT: I don't believe I mentioned malice, and if I did, it was a mistake. But, I don't recall mentioning malice."
On appeal, the appellant again complains that the insertion of "malice" in jury instructions defining murder and manslaughter was prejudicial error requiring reversal. We disagree.
The trial court has a mandatory duty to orally instruct the jury as to the different and distinguishing elements of the offense charged. Davidson v. State, Ala.Cr.App., 360 So.2d 728, cert. denied, Ala., 360 So.2d 731 (1978). In the instant case the distinction between murder and manslaughter is of importance because the confessing appellant pleaded not guilty to murder and claims the killing was "accidental."
Absence of "malice" is no longer requisite in reducing murder to manslaughter under § 13A-6-3, Code of Ala. 1975. Therefore, a hypothesis asserting that the killing must not be the "offspring of malice" in order for the crime to be reduced from murder to manslaughter has a misleading tendency. Nevertheless, we must place the trial court's comment in its proper context.
If the contested part of the court's oral charge is considered standing alone, unaided by that which preceded and that which followed it, error might have occurred. However, when the phrase is considered in connection with the preceding and succeeding charge, it is apparent that any error was harmless. Hart v. State, 28 Ala. App. 545, 190 So. 95, cert. denied, 238 Ala. 199, 190 So. 98 (1939). We stated in Beckleyv. State, Ala.Cr.App., 353 So.2d 542, 545 (1977):
 "Portions of the oral charge excepted to must be construed in connection with the whole charge of the court. . . . It is the responsibility of this court to evaluate the trial court's oral charge to the jury as a whole and not by isolated sentences or segments. . . ." (Citations omitted.)
We call attention to the fact that other portions of the court's oral charge correctly defined and explained the distinguishing elements not only of murder but also the lesser included offenses of manslaughter and criminally negligent *Page 217 
homicide. The court not only so instructed the jury once, but also repeated these instructions for the benefit and understanding of the jury. For these reasons we find that the criticized portion of the court's oral charge was, at the most, harmless error. Rule 45, Alabama Rules of Appellate Procedure.
 III
The trial court did not err in admitting a photograph of the bullet-riddled body of Clara Brown taken by the state toxicologist prior to embalming and autopsy. Over appellant's objection the victim's mother identified the person depicted in the photograph as Clara Brown. Once again appellant objected when the state toxicologist testified from the photograph that the person depicted was the one upon which he performed an autopsy.
The grounds for objection raised by appellant's counsel were that (1) it was his "understanding" that the only physical evidence the State would introduce was a shotgun and four spent shells, and (2) the photograph would tend to prejudice the jury and had no probative value.
Although appellant never filed a motion to produce, the assistant district attorney had allowed appellant's attorney to view the State's files before trial. At the time defense counsel inspected the State's files, the district attorney was not yet in possession of the autopsy report and photograph.
Whether or not the State should have shown the photograph to defense counsel prior to trial is not before us. As no motion to produce was filed, there is no ruling by the trial court on such a motion for this court to review. Heard v. State, Ala.Cr.App., 351 So.2d 686 (1977). Appellant could have filed a timely motion to produce requesting the district attorney to produce the photograph if it was in his possession. Strange v.State, 43 Ala. App. 599, 197 So.2d 437, cert. dismissed,280 Ala. 718, 197 So.2d 447 (1966). Likewise, appellant could have sought a subpoena duces tecum to compel production of any photographs in the possession of the state toxicologist. Aycockv. State, 50 Ala. App. 130, 277 So.2d 404, cert. denied,291 Ala. 49, 277 So.2d 412 (1973); Strange, supra.
There is yet another reason why no reversible error results. This is because there is no constitutional right to discovery in a criminal case. Weatherford v. Bursey, 429 U.S. 545,97 S.Ct. 837, 51 L.Ed.2d 30 (1977); DeLoach v. State, Ala.Cr.App.,356 So.2d 222 (1977), cert. denied, Ala., 356 So.2d 230 (1978). Moreover, there is no indication that appellant was harmed from not viewing the photograph prior to trial. This is not a case of the State possessing and deliberately suppressing material and relevant evidence favorable to the appellant per Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Because the toxicologist did not personally know the deceased, the photograph was properly introduced to identify the body depicted as that of the alleged victim and as the body examined by the toxicologist. Gilmore v. State, Ala.Cr.App.,346 So.2d 1193 (1977); Burgess v. State, Ala.Cr.App.,339 So.2d 121 (1976).
Lastly, the photograph of the deceased certainly had probative value and was not rendered inadmissible because of its gruesome nature. Lewis v. State, Ala.Cr.App.,339 So.2d 1035, cert. denied, Ala., 339 So.2d 1038 (1976).
 IV
Appellant insists that the trial court's refusal to give the following charge constituted reversible error:
"[Charge No. 14]
 "The court charges the jury that a humiliating or outrageous act such as adultery is sufficient to reduce the charge from murder to manslaughter."
The above charge is an abstract statement of a purported legal principle not predicated upon the evidence in the case and was therefore properly refused. Hudson v. State, Ala.Cr.App., 335 So.2d 208, cert. denied, Ala., 335 So.2d 211
(1976). There was no evidence that appellant shot *Page 218 
his wife upon suddenly finding her engaged in adultery. In fact, appellant testified the shooting was accidental. The charge was therefore not supported by evidence in the case.Thomas v. State, Ala.Cr.App., 358 So.2d 1076 (1978); Bullard v.State, Ala.Cr.App., 369 So.2d 877 (1979). In addition, the refused requested charge is an incomplete and incorrect statement of the law. The charge as written would have misled the jury to believe that any evidence of prior adultery without limitation as to time or circumstances would automatically reduce murder to manslaughter. Such a misstatement of the law renders the charge improper. Maund v. State, Ala.Cr.App.,361 So.2d 1144 (1978).
Appellant also asserts that the trial court reversibly erred by refusing to give requested Charge Nos. 2, 3, 4, 5, 7, 10 and 13. We disagree. The trial judge properly refused to give those charges. They were either covered by the trial court's oral charge or were affirmative in nature. Code § 12-16-13; Young v.State, 283 Ala. 676, 220 So.2d 843 (1969).
Refused Charge 10 purports to inform the jury of the punishment for murder and Charge 13 set out the punishment for manslaughter. Neither of those requested charges contained matter proper for the determination of the jury. The trial court and not the jury determines punishment for the offenses charged. Code §§ 13A-5-1, -2.
As directed by Code § 12-22-240, we have searched the record on appeal and find no error prejudicial to the appellant.
AFFIRMED.
All the Judges concur.