TYSON, Judge.
Larry Otis Powe was charged in two counts with theft of property in the first degree, and also in two counts with receiving stolen property in the first degree, in violation of §§ 13A-8-3 and 13A-8-17 Code of Alabama 1975. The jury found the appellant “guilty as charged” in counts I and II of the indictment for theft of property in the first degree. The appellant was found not guilty of receiving stolen property in the first degree as charged in counts III and IV of the indictment. The appellant was sentenced to life imprisonment pursuant to the Habitual Felony Offender Act.
The appellant contends that during his opening statement the prosecutor made improper comments about facts that were not supported by the evidence.
During the prosecutor’s opening argument, the following occurred:
“MRS. LOGGINS: We expect Mrs. Powe to testify. We expect her to tell you that on this evening that she went with her husband to Mr. Gorum’s house and helped him push the car out of the driveway. That they drove off in the car. While they were driving in it, that one of the tires went flat. They attempted to find a spare. Broke out the back windshield. She stopped with him at several different places asking for a spare tire. Finally, went to her mother’s house where she asked her mother for money for a spare tire. We expect the evidence to show that she told her mother that the car was stolen and she didn’t want to be caught on it with him and that she stayed there with her mother.
“We expect her mother to testify and to tell you that she did indeed — her daughter did indeed come to her house that evening. That she saw the Defendant driving a white station wagon.
*791 That she ran him off and kept her daughter there with her. That he came back. She saw him a second time on that same car and she ran him off again.” (Supp.R. 11A-11B.)
In Ladd v. State, 489 So.2d 708, 710-11 (Ala.Cr.App.1986), this court discussed the guidelines for a prosecutor’s opening statements.
The prosecutor’s opening statement to the jury on what it expects to prove should be confined to statements based on facts admissible in evidence. Higdon v. State, 25 Ala.App. 209,143 So. 213 (1932). Counsel, however, is to be allowed considerable latitude in presenting to the jury in his opening statement what he expects the evidence to show. Rogers v. State, 49 Ala.App. 78, 268 So.2d 859 (1972)_” White v. State, 294 Ala. 265, 314 So.2d 857, 861-2 (1975), cert. denied, White v. Alabama, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975), reh. denied, 423 U.S. 1039, 96 S.Ct. 577, 46 L.Ed.2d 415 (1975).’
“Ex parte Baldwin, 456 So.2d 129, 136 (Ala.1984), affirmed, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985).
“ ‘It is a well-established rule that the scope and latitude of the opening statement are matters that rest within the sound discretion of the trial judge and his ruling should not be disturbed on appeal unless an abuse is shown. Winnings v. State, Ala.Cr.App. 370 So.2d 323, cert. denied, Ala., 370 So.2d 329 (1979).’
“Brown [v. State] supra [401 So.2d 213] at 216 [ (Ala. Cr.App. 1981)]; Braswell v. State, 371 So.2d 992 (Ala.Crim.App. 1979).”
In the present case, just prior to trial, the appellant’s wife, Gloria Powe, told the prosecutor that she was going to testify. When Gloria Powe was called to testify, there was a hearing conducted outside of the presence of the jury concerning the spousal privilege. After it was explained to Mrs. Powe that she did not have to testify, she then refused to testify.
When the prosecutor made her opening arguments, she reasonably believed that the appellant’s wife was going to testify. The facts to which the appellant’s wife was to testify were admissible evidence until Mrs. Powe decided that she was not going to testify. Therefore, we find that the prosecutor’s statements were not improper in light of these circumstances, and the evidence established this appellant’s guilt.
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.